(49 Misc. Rep. 177.)

In re HASKIN.

(Surrogate's Court, Cayuga County. January, 1906.)

1. TRUSTEE—COMPENSATION OF TRUSTEE.
    Where a trustee has for years paid over the income of the estate without making any charge for commissions, they will be deemed waived, and he cannot recover the same on final accounting.
    [Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, § 454.]

2. SAME—ACCOUNTING.
    Testatrix directed her executor to invest $2,000 for the use of Q. for life, with remainder over to the children of F., the balance of the estate to be invested for the use of F. for life, with remainder to his children. On an accounting by the trustee, it appeared that by a separate agreement with F. and his children, the trustee had surrendered his trust in the estate other than as to the $2,000, to F. and his children. *Held*, on an accounting it will be assumed that the trustee had in his hands the several trust funds in order that they might be charged with their proper share of the expenses of administration.

Petition for the judicial settlement of the account of Clinton A. Haskin, testamentary trustee of Phebe M. Ferris, deceased. Decree rendered.

See 97 N. Y. Supp. 827.

Harry T. Dayton, for executor and trustee.

Frank S. Wright, for Ella Quinlan and others.

WOODIN, S. This is a proceeding for an accounting and resignation of Clinton A. Haskin as executor and trustee of the above-named deceased. Mr. Haskin had an accounting as executor, in 1895, and this proceeding deals with his administration since that time. The will of the deceased, in substance, directed that the sum of $2,000 be held and invested by the trustee to the use of Ella Quinlan for life with remainder over to the children of James J. Ferris. There were four legacies of $200 each, which have been paid, and the balance of the estate was directed by the will to be kept and invested for the use of said James J. Ferris for his life, with remainder over to his children. The trustee, upon this proceeding, is accounting only for the $2,000 held by him for the benefit of Ella Quinlan and some interest accumulations, it appearing that the trustee, in 1898, by virtue of a separate agreement made with said James J. Ferris and his children, surrendered up the trust in that part of the estate and turned the same over to said Ferris and children. It seems, also, that the trustee has, each year, turned over the entire income to the life beneficiaries without deducting his commissions. There are several credits asked for by the trustee in his account which are objected to; but, at the close of the hearing, in order to facilitate the disposition of the case, it was stipulated that the only questions to be determined were: The amount of interest with which the trustee should be charged since May, 1904; the question of commissions to which the trustee is entitled on the past income, or the trust fund itself, and the schedule of disbursements, amounting to $97.23, for which he asks credit.

Taking up, first, the question of the interest with which the trustee should be charged since May, 1904, it seems to me that question disposes of itself for the reason that the trustee has filed a supplemental account, charging himself with the interest received or to be received by him, to which no objection is raised.

Concerning the question of commissions, as before stated, the income of the $2,000 trust fund was paid over by the trustee to Ella Quinlan, up to within a few weeks prior to the commencement of these proceedings, and to James J. Ferris, up to the time the balance of the estate was turned over to him and his children in 1898, without any deductions for commissions in either case; and the trustee asks, first, that he be awarded commissions on the income paid to Ella Quinlan, to be paid out of the income now in his hands belonging to her; and, second, that he be awarded commissions on the income paid to James J. Ferris from the accounting in 1895 to the settlement with said Ferris in 1898, to be charged against the Quinlan trust fund now in his hands, to be paid upon the final determination of the trust when the same shall have become vested in the remainder. From an examination of the authorities, I feel compelled to hold that this claim of the trustee cannot be allowed. The rule seems to be well settled that, where a trustee pays over the entire income, year after year, without making any claim for commissions, he is deemed to have waived his right thereto, and he cannot, upon his final accounting, be awarded commissions upon the past income payable, either out of the trust fund or the present or

future income. Spencer v. Spencer, 38 App. Div. 403, 56 N. Y. Supp. 460; Matter of Tucker, 29 Misc. Rep. 728, 62 N. Y. Supp. 1021; Matter of Haight, 51 App. Div. 310, 64 N. Y. Supp. 1029. The claim of the trustee for commissions on the past income paid over by him must be denied.

The remaining question as to the credit of $97.23 for disbursements may now be considered. It is contended by Ella Quinlan that these disbursements, or substantially all of them, were paid and adjusted on the settlement had between the trustee and James J. Ferris and his children in 1898, and that, in any event, they are not properly chargeable against the $2,000 Quinlan trust fund or the income therefrom. I think, for the purposes of this accounting and in adjudicating upon the questions, it must be assumed that the trustee has in his hands the several trust funds, to the end that the different funds may be charged with their proportionate and proper administration expenses. While no question seems to be raised to the fact of the payment of the items of disbursements in said schedule, or the propriety of the same, save in, perhaps, one or two instances, I am inclined to think that the disbursements, save possibly the last four items, are, or were, properly chargeable against the remainder fund of which James J. Ferris had the life use; and, in view of the fact that the trustee had an adjustment and settlement with said Ferris in 1898, wherein a balance was struck, and the balance of the estate, save the $2,000 Quinlan trust fund, was surrendered up and turned over by the trustee to said Ferris and his children, it is fair to assume that the disbursements made prior to that settlement were taken into account and therein adjusted. At any rate, it appears that a large proportion of the sum total of these disbursements was incurred in relation to the Hand matter, and it also appears that the Hand judgment was turned over to Ferris in the settlement in 1898; and it cannot, it seems to me, be asserted that the disbursements made in connection with this Hand matter could legally be charged against the Quinlan $2,000 trust fund. Neither is it tenable to hold, as counsel suggests, that these disbursements may be adjudged to be a charge against, and a lien upon, the Quinlan trust fund, to take effect upon the final determination of said life estate. The credits to which the trustee is entitled must be allowed him at this time and deducted by him from the funds turned over by him to his successor. Of course, it is undoubtedly proper that the several trust funds should bear, respectively, the proper and legitimate expenses incident to the care and management of each fund; but the schedule of disbursements is not sufficiently clear to identify these details; except, possibly, it is proper to assume that the last four items, namely; "No. 14, '98 taxes, $2.55, March 20, 1900, recording mortgage $1, April 9, 1900, recording mortgage $1, and November 22, 1902, drawing discharge of Thayer mortgage $.50," were disbursements made in connection with the Quinlan trust fund; and these items I will allow to be paid from the accumulated income. The rest I must disallow for the reasons above stated.

A decree embodying these conclusions, and allowing said trustee to resign, may be entered upon two days' notice and without costs to either party.

Decreed accordingly.